Glennon, J.
The plaintiff seeks a judgment revoking a deed of trust entered into by the parties on October 2, 1931. On April 20, 1946, plaintiff served a notice of revocation of the trust agreement on the defendant. This notice conformed to the requirements of section 23 of the Personal Property Law. The consents • to the revocation were executed by the father, mother and brother of the plaintiff, being all of the persons interestéd and all being of full age and sound mind. The defendant seeks to defeat the revocation on the ground that the trust instrument manifests an intention to make a gift to the settlor’s heirs in remainder.
*201 The plaintiff takes the position that a reversion was created and that she has an absolute right to revoke pursuant to the provisions of section 23. We are inclined to the view that the plaintiff’s contention is correct. The only heirs which she, the settlor, has are those who have consented to the revocation.
The agreement provides in part: “ First: To hold, manage, sell, invest and reinvest the personal property described in Schedule ‘ A ’ hereto annexed and made a part hereof, to be set aside in a separate trust, and after deducting all proper charges and expenses, to pay over the net income arising therefrom quarterly or oftener in its discretion to Bhoma Woody Byder during her life, and thereafter the principal to be paid to my heirs, unless otherwise disposed of.
“ Second: The principal of this trust shall be irrevocable, except in case of any sickness, emergency or necessity, the Trustee in its absolute discretion may pay to said Bhoma Woody Byder from the principal of said irrevocable trust, any such amount as it may deem necessary, but such amount shall not exceed the sum of Three thousand Dollars ($3,000.) in any one year.”
Here we find a clear intent to reserve to the settlor the right to keep control over the principal of the trust, otherwise the clause “ unless otherwise disposed of ” would be meaningless. It is fair to assume that what the plaintiff meant by the second paragraph was that in certain contingencies the fund was to continue until the time of her death. Still, under the provisions of the second paragraph the fund might well be exhausted by payments made to the settlor during her lifetime. It is quite apparent, therefore, that there was no intention on the part of the plaintiff to release her absolute control over the fund.
As we construe the trust agreement, we reach the conclusion that a’ reversion and not a remainder was intended by the plaintiff as creator of the trust, and as a consequence, as section 23 of the Personal Property Law has been complied with, we direct judgment for the plaintiff permitting the revocation of the trust.
Mabtiw, P. J., Towwley, Callahaw and Peck, JJ., concur.
Judgment unanimously directed for plaintiff. Settle order on notice.